55 P.3d 875

**Dewey Dwaine LEWIS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 27594.**

Court of Appeals of Idaho.

Aug. 19, 2002.

Review Denied Oct. 11, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Charles Isaac Wadams, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Dewey Dwaine Lewis appeals the district court's denial of his application for post-conviction relief in which Lewis asserted that his conviction for murder and robbery must be set aside because the Idaho court lacked subject matter jurisdiction. According to Lewis, exclusive jurisdiction was in the federal courts because Lewis is an Indian charged with offenses committed on an Indian reservation. The district court denied Lewis's application because the court found that Lewis had not demonstrated that he was an Indian. Lewis challenges this finding on appeal. We affirm.

## I.

## BACKGROUND

Lewis, whose mother was a full-blooded Indian and whose father is an African-American, was charged in the district court of the Seventh Judicial District of the State of Idaho with the 1997 murder and robbery of Gelacio Lizarraga. The crimes occurred at a location within the Fort Hall Indian Reservation. Lewis pleaded guilty to first degree murder, Idaho Code §§ 18–4001,–4003, and robbery, I.C. § 18–6501, and admitted the applicability of sentence enhancements under I.C. § 19–2520 for use of a firearm. The district court imposed two consecutive fixed life sentences, with each sentence extended fifteen years for the firearm enhancement. Lewis appealed the judgment, asserting for the first time on appeal that the district court lacked subject matter jurisdiction because Lewis is an Indian and the crime occurred in Indian country. In an unpublished opinion, we declined to resolve the jurisdictional issue because it had not been raised in the trial court and consequently there existed no evi-

dentiary record adequate to address the issue. *State v. Lewis*, Docket No. 24927, 135 Idaho 543, 135 Idaho 544, 20 P.3d 1243 (Ct. App. Nov.22, 2000) (unpublished). We also suggested that the claim of lack of jurisdiction could properly be presented in an action for post-conviction relief pursuant to I.C. § 19–4901, *et seq. Id.*

Lewis thereafter filed an application for post-conviction relief, again alleging the jurisdictional deficiency. Lewis asserted that jurisdiction to hear the criminal charges against him lay in the federal courts pursuant to 18 U.S.C. § 1153, which confers exclusive jurisdiction on federal courts for prosecutions of Indians alleged to have committed certain enumerated offenses within Indian country.

An evidentiary hearing was conducted at which the parties stipulated that the crimes occurred on the Fort Hall Reservation, that the Shoshone–Bannock Tribes occupy the Fort Hall Reservation, that the Shoshone–Bannock Tribes are federally recognized Indian tribes, and that the victim was a non-Indian native of Peru. Lewis presented evidence by which he sought to show that he was an Indian. The district court found, however, that Lewis had not proved that he was an Indian within the meaning of 18 U.S.C. § 1153, and that state court jurisdiction therefore had been properly exercised in the criminal action. Lewis appeals.

## II.

## ANALYSIS

■ Where jurisdiction over an accused depends on his status, the burden initially falls upon the state to provide evidence of the court's jurisdiction. *State v. Allan*, 100 Idaho 918, 920, 607 P.2d 426, 428 (1980). However, "a valid guilty plea admits all essential allegations including jurisdictional facts, thus relieving the government of the burden of making proof." *Hays v. State*, 113 Idaho 736, 740, 747 P.2d 758, 762 (Ct.App.1987), *aff'd*, 115 Idaho 315, 766 P.2d 785 (1988). Because the jurisdictional facts were admitted when Lewis entered his guilty plea, the State was relieved of the burden of proving subject matter jurisdiction in the criminal action.

■ As an applicant for post-conviction relief, Lewis therefore had the burden of proving, by a preponderance of the evidence, the allegations on which his application was based. Idaho Criminal Rule 57(c); *Estes v. State*, 111 Idaho 430, 436, 725 P.2d 135, 141 (1986). If there is competent and substantial evidence to support the district court's findings, those findings will not be disturbed on appeal. *Holmes v. State*, 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983). The credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence are all matters within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct.App.1988). On review of the order denying Lewis's application for post-conviction relief, the district court's conclusion that Lewis did not meet his burden of proof is entitled to great weight, and the district court's finding that Lewis failed to prove his claim will not be set aside unless that finding is clearly erroneous. *Id.* at 74, 764 P.2d at 441.

The jurisdictional statute upon which Lewis relies is 18 U.S.C. § 1153(a), which provides:

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

The parties do not dispute that the crimes for which Lewis was convicted fall within the above-enumerated offenses, nor that they occurred within "Indian country." The parties

dispute only whether Lewis was an "Indian" at the time he committed the offenses.

■ The term "Indian" is not statutorily defined for purposes of federal criminal jurisdiction under 18 U.S.C. § 1153, but as we noted in *State v. Bonaparte,* 114 Idaho 577, 578, 759 P.2d 83, 84 (Ct.App.1988), courts have developed a two-part test for this purpose. The test requires that: (1) the person have a significant percentage of Indian blood, and (2) the person be recognized as an Indian either by the federal government or by some tribe or society of Indians. *Id.* at 579, 759 P.2d at 85. *See also United States v. Broncheau,* 597 F.2d 1260, 1263 (9th Cir. 1979); *State v. Daniels,* 104 Wash.App. 271, 278, 16 P.3d 650, 653 (2001); *Goforth v. State,* 644 P.2d 114, 116 (Okl.Crim.App.1982). The parties agree that Lewis has a significant percentage of Indian blood, and therefore satisfies the first prong of the test. As to the second prong, it is not contended that Lewis has been recognized as an Indian by any federal agency. Therefore, the issue is narrowed to whether Lewis proved that he has been recognized as an Indian by a tribe or society of Indians.

In *Bonaparte,* this Court held that the defendant did not satisfy the recognition prong of the test because he was not an enrolled member of any tribe and was not even eligible to become a member of the tribe with which he claimed affiliation. *Id.* at 579–80, 759 P.2d at 85–86. Lewis contends, however, that enrollment in a tribe is not an absolute requirement for recognition as an Indian. Lewis is correct in his assertion that courts have looked to factors in addition to tribal enrollment, including governmental recognition formally and informally through receipt of assistance reserved only to Indians, enjoyment of the benefits of tribal affiliation, and social recognition as an Indian through residence on a reservation and participation in Indian social life. *See, e.g., United States v. Lawrence,* 51 F.3d 150, 152 (8th Cir.1995); *Daniels,* 16 P.3d at 654. Nevertheless, as the *Lawrence* and *Daniels* decisions note, of these factors tribal enrollment is the most important indicium of recognition as an Indian.

■ Even assuming that Lewis's lack of enrollment in any tribe is not a bar to his claim that he is an Indian for purposes of 18 U.S.C. § 1153, the district court's finding that Lewis did not meet his burden of proof on this issue is readily sustained on the record. To support his claim, Lewis could point only to evidence that he lived on the Fort Hall Reservation until he was five or six years old, at which time his parents divorced and he moved with his father to live in Idaho Falls; that his brother and sister are enrolled members of the Shoshone–Bannock Tribes; that Lewis holds a one-third interest in real property on the Fort Hall Reservation which he inherited from his mother and co-owns with his brother and sister; and that he attended a Shoshone–Bannock Indian festival as a child. As the district court held, these minor contacts with the reservation and tribes are far outweighed by the countervailing evidence that Lewis had never sought nor expressed interest in tribal enrollment until after his conviction in the underlying criminal case; that after leaving the reservation as a child, Lewis maintained no ties with the Shoshone–Bannock Tribes and had little contact with Indian relatives; that he had participated in no tribal activity other than the single Shoshone–Bannock Indian festival attended in early childhood; and that he was never employed on the reservation, never sought federal assistance due to his alleged status as an Indian, and was never affiliated with any Indian religions. All of these factors fully support the district court's finding that Lewis proved "no significant affiliation with the [Shoshone–Bannock] Tribes."

Because Lewis failed to meet the recognition component of the test to demonstrate that he was an Indian, he fails in his challenge to the jurisdiction of the state court that entered his judgment of conviction. Accordingly, we affirm the district court's dismissal of Lewis's application for post-conviction relief.

Chief Judge PERRY and Judge GUTIERREZ concur.