# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36115

<table>
<tr><td>STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>MELANIE LAMPIEN,<br><br>    Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Boise, August 2009 Term<br><br>2009 Opinion No. 149<br><br>Filed: December 23, 2009<br><br>Stephen W. Kenyon, Clerk<br><br>SUBSTITUTE OPINION. THE COURT'S PRIOR OPINION DATED OCTOBER 2, 2009, IS HEREBY WITHDRAWN</td></tr>
</table>

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Honorable Peter D. McDermott, District Judge.

Judgment of conviction and sentence are <u>affirmed</u>, the district court's denial of the Rule 35 motion is <u>vacated</u>, and the case is <u>remanded</u> for further proceedings.

Thompson, Smith, Wolff & Anderson, Idaho Falls, for appellant. Stevan H. Thompson argued.

Honorable Lawrence G. Wasden, Attorney General, for respondent. Kenneth K. Jorgensen argued.

_____

J. JONES, Justice.

Melanie Lampien appeals her judgment of conviction and sentence for harboring and protecting a felon. She also appeals the district court's denial of her Rule 35 Motion for Reduction of Sentence. We affirm the judgment of conviction and sentence, but vacate the district court's order denying Lampien's Rule 35 motion.

## I.

On August 31, 2006, two police officers and two probation and parole officers arrived at Melanie Lampien's apartment in an attempt to locate Lampien's husband, Nicholas McKenna. Knowing that McKenna was wanted for outstanding felony probation violations, Lampien met the officers outside. Although she knew that McKenna was hiding inside the apartment, she told the officers that she had not seen McKenna and did not know where he was. The officers asked

1

Lampien whether McKenna had a gun, and Lampien responded that she did not think so. Suspecting that McKenna was in the apartment, the officers returned later the same day and entered the apartment to find McKenna brandishing a gun. In the attempt to take McKenna into custody, one police officer and two probation officers were injured. McKenna died as a result of gunshot wounds sustained in the encounter.

Lampien was charged with harboring and protecting a felon in violation of Idaho Code section 18-205. Lampien entered into a nonbinding plea agreement in which she agreed to plead guilty and the State agreed to recommend probation with no prison time and to not oppose a withheld judgment. At sentencing, the district court allowed the three injured officers to give victim impact statements over Lampien's objection. The officers stated that they believed Lampien should serve a prison sentence, largely based on their belief that she lied about McKenna not having a gun. Lampien testified that McKenna had told her he had disposed of his gun, and that she had believed him. The prosecutor, too, explained that his lenient sentencing recommendation was due in part to his belief that Lampien truly did not know McKenna had a gun. The district court rejected the prosecutor's recommendation and sentenced Lampien to five years in prison, with a minimum period of confinement of three years. Lampien filed an Idaho Criminal Rule 35 motion for reduction of the sentence. The State argued in opposition to Lampien's motion, and the district court denied the motion. Lampien then appealed, challenging the district court's jurisdiction, the officers' victim impact statements, and the excessiveness of her sentence. The Court of Appeals heard the appeal and affirmed the district court. Lampien then requested review by this Court.

## II.

The following issues are presented: (1) whether the charging information was adequate to vest the district court with jurisdiction of her case; (2) whether the district court abused its discretion in finding that the officers were victims of Lampien's crime under Idaho Code section 19-5306; (3) whether the officers' testimony recommending prison time was in contravention of the State's obligation under the plea agreement; and (4) whether the State violated the plea agreement by opposing Lampien's Rule 35 Motion for reduction of her sentence.

## A.

This Court grants review of decisions of the Idaho Court of Appeals in strictly limited circumstances. Under Idaho Appellate Rule 118(b), the "[g]ranting [of] a petition for review

2

from a final decision of the Court of Appeals is discretionary on the part of the Supreme Court, and will be granted only when there are special and important reasons." Idaho App. R. 118(b). While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review from that court, it reviews the district court's decision directly. *State v. Doe*, 144 Idaho 819, 821, 172 P.3d 1094, 1096 (2007).

**B.**

Lampien contends that the charging information filed against her does not contain facts sufficient to establish a violation of Idaho Code section 18-205, and therefore, the district court lacked jurisdiction over the subject matter of the case. Lampien asserts that because the charging information deprived the district court of jurisdiction to impose its sentence, her conviction must be vacated. The charging information read:

> MELANIE ANN LAMPIEN is accused by this information of the crime of HARBORING A WANTED FELON, Idaho Code § 18-205, a felony, committed as follows, to-wit:
> That the said MELANIE ANN LAMPIEN, in the County of Bannock, State of Idaho, on or about the 31st day of August, 2006, did with knowledge that NICHOLAS VERL McKENNA was charged with a felony probation violation, and that law enforcement officers were attempting to locate NICHOLAS VERL McKENNA, did conceal, harbor and protect NICHOLAS VERL McKENNA, by that the defendant, when asked by law enforcement officers as to the whereabouts of NICHOLAS VERL McKENNA, denied knowledge of NICHOLAS VERL McKENNA's whereabouts, while having actual knowledge that NICHOLAS VERL McKENNA was at that time concealed in the defendant's residence . . .

Lampien insists that these facts do not amount to a violation of Idaho Code section 18-205, which reads: "Accessories defined. All persons are accessories who, having knowledge that a felony has been committed: . . . (2) Harbor and protect a person who committed such felony or who has been charged with or convicted thereof." I.C. § 18-205. Lampien argues that the "felony" described in the statute does not include felony probation violations, and therefore, the district court lacked jurisdiction over the case.

"[W]hether a charging document conforms to the requirements of the law and whether a court has jurisdiction are questions of law, over which this Court exercises free review." *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Under Article I, Section 8 of the Idaho Constitution, "[n]o person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public

3

prosecutor." This Court has held that "[s]ubject matter jurisdiction in a criminal case is conferred by the filing of an 'information, indictment, or complaint alleging an offense was committed within the State of Idaho.'" *Id.* at 757–58, 101 P.3d at 701–02 (quoting *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004)). In order to confer jurisdictional power upon the court, a charging document must be "legally sufficient" to survive challenge. *Id.* at 758, 101 P.3d at 702. A charging document must be legally sufficient for the purpose of due process during proceedings in the district court and for the purpose of imparting jurisdiction on the court. *Id.*

In this case, Lampien's challenge was solely jurisdictional. Challenges to the sufficiency of the charging information to confer jurisdiction upon the court can be raised at any time, including for the first time on appeal. Idaho Crim. R. 12(b)(2); *Jones*, 140 Idaho at 758, 101 P.3d at 702. A jurisdictional defect exists when the alleged facts are not made criminal by statute, or where there is a failure to state facts essential to establish the offense charged. *Hays v. State*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct. App. 1987), *aff'd*, 115 Idaho 315, 766 P.2d 785 (1988). However, defects in an information that are challenged for the first time on appeal are to be liberally construed in favor of validity. *Jones*, 140 Idaho at 759, 101 P.3d at 703. This Court has held that "the sufficiency of the charging document will 'be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted.'" *Id.* (quoting *State v. Cahoon*, 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989)). Additionally, a "reviewing court has considerable leeway to imply the necessary allegations from the language of the Information." *Id.* (quoting *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991)).

In this case, Lampien did not offer an objection to the sufficiency of the charging information to confer jurisdiction upon the court until after the entry of judgment. Thus, for the first time on appeal, she contends that her act of harboring an individual who "was charged with a felony probation violation" is not made criminal by Idaho Code section 18-205. However, the statute criminalizes the harboring and protecting of an individual who has been *convicted* of a felony. *See* I.C. § 18-205. Thus, so long as the charging document, under a liberal construction, gives notice to Lampien that she was harboring an individual who had been convicted of a felony, the district court had jurisdiction over her case.

In pleading guilty to the crime, Lampien admitted that she knew McKenna had previously been convicted of two prior felonies for rape and burglary. *See Lewis v. State*, 137

4

Idaho 882, 884, 55 P.3d 875, 877 (Ct. App. 2002) ("[A] valid guilty plea admits all essential allegations including jurisdictional facts."). Furthermore, in pleading guilty, Lampien also admitted that she was harboring and protecting McKenna because he was wanted in relation to his previous felonies. *See id.* Thus, under a liberal construction, the use of the phrase "felony probation violation" in the charging document gave notice to Lampien that she was being implicated for harboring and protecting an individual who had been convicted of two prior felonies, albeit felonies that occurred some time in the past. Therefore, the charging instrument's use of the phrase "felony probation violation" conforms to the language of Idaho Code section 18-205 and vested the district court with jurisdiction to impose its sentence.

It may seem tenuous, at first glance, to criminalize the act of harboring of a felon, where the criminal offense is not in close temporal proximity to the harboring. However, we believe the statute has two inherent safeguards that resolve this concern. First, the bare act of harboring a convicted felon does not implicate the statute. Rather, the harboring must be in concert with the protection of the convicted felon. We see no reason why it is less criminal to harbor and protect a felon who was convicted of a felony at some point in the past than to harbor and protect a felon that has just recently committed the felony. We believe the Legislature included the language "convicted thereof" specifically for the purpose of including prior felonies in the statute. Second, the protection must be in relationship to the felony the harboree committed. The statute does not criminalize the act of protecting a felon for a reason unrelated to the felony. In this case, Lampien harbored and protected McKenna precisely because he was wanted in relation to two felonies for which he was previously convicted. Therefore, we hold that a person may be convicted under Idaho Code section 18-205 for harboring and protecting a convicted felon even if the felony was committed as some point in the past.

Lampien argues that there are two problems with the conclusion that Idaho Code section 18-205 criminalizes the harboring and protecting of a person wanted for felony probation violations. First, Lampien argues that not all individuals on felony probation have been convicted of an underlying felony, such as an offender who receives a withheld judgment and is placed on probation. Lampien concludes that a presumption would have to be drawn from the charging document implying that the harboree had been convicted of a felony. This, however, is simply untrue. The language of Idaho Code section 18-205 also criminalizes the act of harboring a person who has been "charged with" a felony. *See* I.C. § 18-205. Thus, any person wanted for a

felony probation violation, even if he or she has not been convicted of the underlying felony, will necessarily have been "charged with" a felony, thereby implicating the provisions of Idaho Code section 18-205. Further, in *U.S. v. Sharp*, we held that "[a]n outstanding withheld judgment based on a guilty plea qualifies as a conviction under Idaho law." 145 Idaho 403, 407, 179 P.3d 1059, 1063 (2008).

Second, Lampien argues that the Idaho Legislature intended Idaho Code section 18-205 to apply only in the escapee scenario.[1] Lampien asserts that an escapee is not only a convicted felon, but by virtue of escaping has also committed a *new* felony offense that invokes the provisions of Idaho Code section 18-205(b). However, Lampien's interpretation renders irrelevant the portion of section 18-205 making it unlawful to harbor and protect a person who has been "convicted" of a felony, "contrary to the elementary rule that a statute should be construed so that effect is given to all provisions, so that no part thereof will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another." *Norton v. Department of Employment*, 94 Idaho 924, 928, 500 P.2d 825, 829 (1972). In other words, if this Court were to adopt Lampien's interpretation, every harboree falling within the gambit of the statute would, because of the escape, have committed a new felony, making the language in the statute criminalizing the act of harboring an individual who has "been charged with or convicted" of a felony meaningless and redundant. Thus, this Court must assume the Legislature intended to give meaning to the words "convicted thereof," and give those words their plain, obvious, and rational meaning. Consequently, this Court will not limit the application of Idaho Code section 18-205 to the escapee scenario.

Therefore, the district court's jurisdiction was appropriately invoked because the charging document properly charged an offense under Idaho Code section 18-205.

## C.

Lampien argues that the district court abused its discretion in finding that the police and probation officers were victims of her crime and in allowing them to testify at her sentencing. Lampien maintains that the officers were not victims of her crime, but rather were victims of McKenna's independent act of shooting the gun. The determination of whether a person is a victim under Idaho Code section 19-5306 is a factual determination that is reviewed for an abuse

---

[1] The "escapee scenario" is where a felon escapes from a correctional facility, work release, or a probation or police officer. *See* I.C. § 18-2505. An escape or an attempted escape is a felony in and of itself. I.C. § 18-2505.

of discretion. This Court's interpretation of Idaho Code section 19-5306 is a question of law over which it exercises free review. *See State v. Thompson*, 140 Idaho 796, 798, 102 P.3d 1115, 1117 (2004). The objective of statutory construction is to derive the intent of the Legislature. *Id.* Statutory construction begins with the literal language of the statute. *D & M Country Estates Homeowners Assoc. v. Romriell*, 138 Idaho 160, 165, 59 P.3d 965, 970 (2002). This Court gives effect to the purpose and intent of the Legislature based on the language of the act in its entirety and gives effect to every word. *Ada County Assessor v. Roman Catholic Diocese*, 123 Idaho 425, 428, 849 P.2d 98, 101 (1993).

Idaho's Constitution grants crime victims, as defined by statute, the right "[t]o be heard, upon request, at all criminal justice proceedings considering a plea of guilty, sentencing, incarceration or release of the defendant, unless manifest injustice would result." IDAHO CONST. art. I, § 22. Together with the Constitution, Idaho Code section 19-5306(1)(e) and Idaho Criminal Rule 32(b)(1) allow victim impact statements to be made at sentencing.[2] *State v. Matteson*, 123 Idaho 622, 625, 851 P.2d 336, 339 (1993). Further, the Legislature enacted the Compensation of Victims of Crimes Act, which provides rights such as restitution to crime victims and reiterates the rights of victims provided for in Idaho's Constitution. *See* I.C. §§ 19-5301 to 5307. A victim has a right to address the court at the defendant's sentencing, unless manifest injustice would result. I.C. § 19-5306(1)(e). For purposes of the Act, "victim" is defined as "an individual who suffers direct or threatened physical, financial or emotional harm *as the result of* the commission of a crime or juvenile offense." I.C. § 19-5306(5)(a) (emphasis added).[3]

Lampien insists that the district court abused its discretion by finding that the officers were injured "as the result of" her crime of harboring and protecting McKenna. The words "as a result" indicate that the victim's injuries must have been caused by the commission of the crime. In making the determination of whether a person is a victim under Idaho Code section 19-5306, this Court will look to principles of causation articulated in tort law.

---

[2] This Court has held that, because Idaho Code section 19-5306 does not include any limitations that would prevent a victim of a non-capital crime from sharing his or her sentencing recommendation with the trial court, such a statement is permissible. *State v. Matteson*, 123 Idaho 622, 625, 851 P.2d 336, 339 (1993) ("When a statute's language is broad enough to include a particular subject matter, an intent to exclude it from the statute's operation must be specifically expressed."); *see also State v. Campbell*, 123 Idaho 922, 928, 854 P.2d 265, 271 (Ct. App. 1993) ("[T]he sentencing court may, in non-capital cases, consider victim impact statements and statements from victims requesting a particular sentence.").

[3] It further defines "criminal offense" as "any charged felony or a misdemeanor involving physical injury, or the threat of physical injury, or a sexual offense." I.C. § 19-5306(5)(b).

Causation consists of actual cause and true proximate cause. *Cramer v. Slater*, 146 Idaho 868, 875, 204 P.3d 508, 515 (2009). "Actual cause is the factual question of whether a particular event produced a particular consequence." *Id*. Idaho courts apply the "but for" test in circumstances where there is only one actual cause or where two or more possible causes were not acting concurrently. *Le'Gall v. Lewis County*, 129 Idaho 182, 187, 923 P.2d 427, 432 (1996). True proximate cause focuses upon "whether it was reasonably foreseeable that such harm would flow from the negligent conduct." *Cramer*, 146 Idaho at 875, 204 P.3d at 515. This Court must decide whether the injury and manner of the occurrence are "so highly unusual that we can say, as a matter of law that a reasonable [person], making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur." *Id.*

An intervening, superseding cause generally refers to an independent act or force that breaks the causal chain between the defendant's culpable act and the victim's injury. *See, e.g.*, *People v. Saavedra-Rodriguez*, 971 P.2d 223, 225–26 (Colo. 1998); *State v. Pelham*, 824 A.2d 1082, 1097 (N.J. 2003). The intervening cause becomes the proximate cause of the victim's injury and removes the defendant's act as the proximate cause. To relieve a defendant of criminal liability, an intervening cause must be an unforeseeable and extraordinary occurrence. *See People v. Crew*, 74 P.3d 820, 847 (Cal. 2003). The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his act. *Id*. In most contexts, a crime or an intentional tort constitutes an "independent, intervening cause" that precludes a defendant's antecedent crime from being a proximate cause. *See Bennett v. United States*, 803 F.2d 1502, 1504 (9th Cir. 1986).

Thus, the question faced by this Court is whether Lampien's crime of harboring and protecting McKenna was the actual cause of the officers' injuries; and further, whether Lampien should have foreseen the possibility of McKenna opening fire on the officers as a consequence of her harboring McKenna, or in the alternative, whether McKenna's acts were unforeseeable and extraordinary.

We cannot say that the district court abused its discretion in making the ultimate determination that Lampien's crime was the cause of the officers' injuries. First, it was not an abuse of discretion to find that Lampien was the actual cause of the resulting injuries. To be convicted under Idaho Code section 18-205(2), a person must "harbor *and* protect" a felon—both

the "protection" and the "harboring" elements must be satisfied. The district court's decision appears to be focused on the protection element of Idaho Code section 18-205. The district court concluded that Lampien's lying to the officers allowed them to walk into an ambush without their weapons drawn and thus "set the whole chain of events into motion." It is difficult, however, to ascertain how Lampien's protection of McKenna was the actual cause of the officers' injuries. The officers went into the apartment precisely because they did not believe Lampien and suspected that McKenna was hiding inside. Had Lampien told the truth, the police officers may still have entered the apartment. Thus, it is difficult to say that Lampien's act of protecting McKenna by lying to the officers was the actual cause of the officers' injuries.

Nevertheless, without reaching the merits of that argument, the issue may be resolved by looking to the harboring element of the statute. Black's Law Dictionary defines "harboring" as "[t]he act of affording lodging, shelter, or refuge to a person." BLACK'S LAW DICTIONARY 733 (8th ed. 2004). Thus, to be convicted of the crime, Lampien must have afforded physical refuge to McKenna. There is no dispute from the record, and Lampien admits by virtue of her guilty plea, that she harbored McKenna. It cannot be said that "but for" Lampien's harboring of McKenna, no harm would have befallen the officers. While the officers' injuries may not have been related to Lampien's statements, they were related to Lampien's act of affording refuge to McKenna. But for Lampien allowing McKenna to hide in her apartment, the officers would not have been injured when entering her apartment. Therefore, looking to both elements of the crime, Lampien's harboring of McKenna was the actual cause of the officers' injuries.

Second, it was not an abuse of discretion for the district court to find that the officers were victims of Lampien's crime because it reasonably could be said that Lampien's crime was the proximate cause of the officers' injuries. The district court may reasonably have concluded that Lampien should have foreseen the possibility of her actions leading to violent consequences. The record reflects that Lampien knew McKenna owned a firearm, and although she requested that he get rid of the weapon, she did not know for certain that he had complied with her request. Additionally, McKenna was on probation for the charge of rape and burglary, both of which are considered violent felonies. Further, McKenna had on a previous occasion used the gun to shoot himself in order to evade capture. The most convincing piece of evidence may be that the officers asked Lampien if McKenna had a weapon before entering her residence, thereby preemptively articulating the foreseeability of McKenna's actions. Because McKenna's actions

may have been foreseeable, it was within the court's discretion to find that his intentional act of pulling the trigger was not an intervening cause.

Therefore, we find that the district court did not abuse its discretion in its ultimate determination that the officers were victims of Lampien's crime of harboring and protecting McKenna. Although the district court did not analyze the issue through the lens of traditional tort causation principles, and while its conclusion appears to be based largely upon Lampien's act of lying to the officers about whether McKenna had a gun, the district court's ultimate decision was not reached through an abuse of discretion.

**D.**

Lampien additionally asserts that even if the injured officers were victims under Idaho Code section 19-5306, her plea agreement was breached when the officers recommended jail time at Lampien's sentencing in contravention of the prosecution's agreement to recommend probation. Lampien takes the position that the prosecutor's recommendation binds all state actors, including the police and probation and parole departments.

The State argues, first, that Lampien did not raise this issue in the district court and therefore did not preserve it for appeal and, second, that the victim statements made by the officers did not violate the plea agreement even though the officers advocated punishment more severe than that which the prosecutor was obligated to advocate. We disagree with the State on the first contention but agree on the second.

While Lampien could have done a better job in the district court of raising her contention that the victim statements contravened the plea agreement, it appears that this was the thrust of her objection to the admission of the officers' victim statements. The State correctly points out that Lampien's objection to the statements made by the three officers was made on the ground that they were not victims of her particular crime, an objection which the district court overruled. However, the objection must be examined in context. Lampien had entered into the plea agreement, calling for the prosecution to support a withheld judgment with no jail time, and obviously wanted to preserve that prosecutorial recommendation. At the plea hearing, Lampien's counsel expressed concern about having the presentence report prepared by members of the same probation and parole department office for which two of the injured officers worked. It was agreed that the report would be prepared by personnel from the Twin Falls office. At the sentencing hearing, Lampien's counsel expressed concern that the presentence report contained

10

several statements made by the injured officers which had not been previously furnished and suggested that this might provide grounds for withdrawal of the plea. While counsel did not at that time request the plea be withdrawn, he did object to allowing the injured officers to make their statements. The court noted and overruled the objection. The obvious purpose of the objection was to preserve the plea agreement and not allow the State to elicit contrary sentencing recommendations from the injured officers. We find that the issue is properly before the Court on appeal.[4]

Whether a plea agreement has been breached is a question of law freely reviewed by this Court in accordance with contract law standards. *State v. Jafek*, 141 Idaho, 71, 73, 106 P.3d 397, 399 (2005). A claim that the State breached a plea agreement affects whether the defendant knowingly and voluntarily entered into the plea agreement, and therefore goes to the foundation or basis of a defendant's rights. *Id.* at 74, 106 P.3d at 400. If the State breaches a promise made to a defendant in exchange for a guilty plea, the defendant is constitutionally entitled to relief. *Id.* This Court has not previously considered the narrow issue of whether a prosecutor's promises made pursuant to a plea agreement bind officers of law enforcement departments who were victims of the defendant's crime, thereby prohibiting them from making victim statements under I.C. § 19-5306.

The terms of Lampien's plea agreement were as follows:

COMES NOW the parties in this action, the State of Idaho, represented by the Bannock County Prosecuting Attorney, Vic Pearson, Defendant, MELANIE LAMPIEN, and her attorney, Craig W. Parrish, and do agree as follows, pursuant to Rule 11(d)(1)(C), Idaho Criminal Rules:

1. The Defendant, MELANIE LAMPIEN, hereby enters a plea of guilty to one count of Harboring a Fugitive, a violation of I.C. 18-205;

2. The State and Defendant agree to be bound to following sentence agreement:
   - that defendant be granted a Withheld Judgment;
   - that no jail time be imposed;
   - that Defendant be placed on probation for a term at the court's discretion;

3. That the terms of probation and fines be at the discretion of the Court;

4. That this agreement is binding on the parties but not the Court.

---

[4] It should be noted that both parties have argued the issue in their briefs submitted with respect to the petition for review.

11

From this, Lampien argues that the officers' recommendations that she receive a term of imprisonment violated the language of the plea agreement that binds "the State" to recommend a withheld judgment and probation.

We find that the prosecution did not breach the terms of the plea agreement by permitting the officers to make victim statements at the sentencing hearing. The record is clear that the prosecuting attorney followed the explicit terms of the agreement and made the agreed-upon recommendation. We find that the officers were exercising their rights under Idaho Code section 19-5306 and not acting as agents of the State, and therefore were not bound by the terms of the plea agreement. There is nothing in the record to suggest that the prosecutor improperly influenced the officers, called the officers to subvert the plea agreement, or otherwise acted to undermine the State's sentencing recommendation.

Both Lampien and the State ask this Court to look to cases from other jurisdictions to resolve this issue. Those cases show a split of authority on the issue of whether a law enforcement agency is bound by a prosecutor's plea agreement and, thus, whether the agency's failure to adhere to the terms of the plea agreement constitutes good cause for withdrawal of a guilty plea. *See, e.g., Duke v. State*, 209 P.3d 563, 569–71 (Wyo. 2009); *State v. Rogel*, 568 P.2d 421 (Ariz. 1977); *State v. Thurston*, 781 P.2d 1296 (Utah Ct. App. 1989); *but cf. State v. Bowley*, 938 P.2d 592, 601 (Mont. 1997); *State v. Matson*, 674 N.W.2d 51, 57 (Wis. Ct. App. 2003). However, these cases all deal with a state agency acting in its investigative capacity, while the case at bar deals with members of law enforcement agencies acting in their individual capacities as victims under the protections of Article I, Section 22 of the Idaho Constitution and the provisions of Idaho Code section 19-5306. Absent a showing that the prosecutor improperly influenced the officers, called the officers to subvert the plea agreement, or otherwise acted to undermine the State's sentencing recommendation, this Court holds that a plea agreement is not breached when such officers testify contrary to the plea recommendation as victims pursuant to their individual statutory and constitutional rights.

### E.

Lastly, Lampien argues that the State breached the plea agreement by opposing Lampien's Rule 35 motion for reduction of her sentence. Again, the State asserts that Lampien failed to preserve this issue for appeal and claims she is wrong on the merits.

We find that Lampien sufficiently raised the issue at the hearing on the Rule 35 motion. At the commencement of the hearing, Lampien's counsel reminded the court of the sentencing recommendation the prosecutor was obligated to make under the plea agreement. Later in the hearing, when the prosecutor failed to abide by such recommendation, Lampien's counsel observed with regard to the officers' victim statements made at the sentencing hearing, "[t]here has always been a question in my mind if that's in violation of the plea agreement." He went on to say he felt that comment was necessary since the prosecutor was making a recommendation at the Rule 35 hearing "which seems to be contrary to the plea agreement." Thus, we find the issue was preserved for review on appeal.

As noted above, whether a plea agreement has been breached is a question of law freely reviewed by this Court in accordance with contract law standards. *Jafek*, 141 Idaho at 73, 106 P.3d at 399. The somewhat unusual language of the plea agreement, "[t]he State and Defendant agree to be bound to following sentence agreement," dictates our conclusion that the agreement was breached. The significance of this language is that the State was not simply bound to the agreed-upon recommendation at Lampien's sentencing, but the broad language represents an unqualified commitment by the State to adhere to the sentencing recommendation at every stage of the proceedings. Consequently, the State was bound to the recommendation in the plea agreement at the Rule 35 hearing.

The State violated the plea agreement at the Rule 35 hearing by objecting to a reduction of Lampien's sentence. At the hearing, the State argued:

> We believe that this Court heard all the facts and circumstances upon which to make its decision and exercise its discretion. We believe that this Court appropriately exercised its discretion in sentencing, and so on that basis, we would object to the Rule 35—the granting of the Rule 35.
>
> Additionally, Your Honor, we are also here representing the Department of Probation and Parole, and they have asked us on their behalf to object to the Rule 35 as well for obvious reasons.

The State's objection to the Rule 35 motion is tantamount to the State's recommendation that Lampien should receive jail time for her crime. The recommendation of jail time is in obvious contravention of the plea agreement.

The prosecutor's contention that he was representing the Department of Probation and Parole at the motion hearing and was therefore obligated to advocate its position on the matter

needs to be addressed. The prosecutor is obligated to represent the people of the State of Idaho in criminal proceedings. *See* I.C. § 31-2604. He is not authorized to represent government agencies or their employees[5] in criminal proceedings, nor is he obligated to advocate their positions in such proceedings. The prosecutor may not excuse himself from observing the terms of a plea agreement by claiming to represent, or to be acting on behalf of, law enforcement agencies.

Therefore, we find that, while the State did not violate the plea agreement at the sentencing hearing, it did violate the agreement at the Rule 35 hearing. Thus, we hold that the district court's denial of the Rule 35 motion should be vacated and the case remanded to the district court for proceedings consistent with this opinion.

## III.

We affirm the judgment of conviction and the sentence but vacate with regard to the district court's denial of the Rule 35 motion. The State is ordered to comply with the terms of the plea agreement at the Rule 35 hearing.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.

---

[5] Where, as here, the employees are participating in a criminal proceeding as crime victims, the prosecutor does have certain obligations to them under Idaho's victims' rights laws but he does not become their lawyer and is not required to follow their bidding in the proceeding.