# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42655

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 75 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL J. WALKER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order granting motion to reconsider reduction of sentence, <u>reversed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

State of Idaho, respondent, did not participate on appeal.

---

GUTIERREZ, Judge

Michael J. Walker appeals from the district court's order granting the State's motion to reconsider reduction of sentence. Specifically, Walker argues the State's motion to reconsider was not properly before the sentencing judge. Walker also argues the sentencing judge erred in determining that the judge who modified the sentence (hereinafter "modification judge") did not have authority to reduce Walker's sentence. For the reasons discussed below, we reverse the district court's order granting the State's motion to reconsider.

## I.

## FACTUAL AND PROCEDRUAL BACKGROUND

Walker pled guilty to possession of a controlled substance (more than three ounces of marijuana). He entered into a binding plea agreement which read, "I understand that my plea agreement is a binding plea agreement. This means that if the district court does not impose the

specific sentence as recommended by both parties, I will be allowed to withdraw my guilty plea and proceed to a jury trial."

Pursuant to the plea agreement, the judge sentenced Walker to an aggregate term of five years in prison, with a minimum period of confinement of one year, followed by a subsequent indeterminate period of four years. Also pursuant to the plea agreement, the sentencing judge suspended the sentence and placed Walker on probation for five years.

After Walker first violated probation, the sentencing judge revoked Walker's probation, imposed the suspended sentence, and retained jurisdiction. Nine months later, the sentencing judge again suspended the sentence and placed Walker back on probation. Walker violated probation for a second time. The modification judge, pursuant to Idaho Criminal Rule 35, revoked probation and, sua sponte, reduced the underlying sentence to one year determinate followed by two years indeterminate.

Twenty-six days after the modification judge entered his order revoking probation and reducing Walker's sentence, the State filed a motion to reconsider. The sentencing judge heard and granted the motion, reinstating the initial sentence. Walker appeals.

## II.

## ANALYSIS

### A. Motion to Reconsider

Walker contends the State's motion to reconsider was not properly before the sentencing judge because that motion was untimely filed. The Idaho Criminal Rules do not set forth a deadline for motions to reconsider. By analogy, therefore, we look to the Idaho Rules of Civil Procedure for guidance in determining when a party must file a motion to reconsider. Pursuant to I.R.C.P. 11(a)(2)(B), a "motion for reconsideration of any order of the trial court made after entry of final judgment may be filed within fourteen (14) days from the entry of such order." Thus, after the entry of the order revoking probation and reducing Walker's sentence, the State had fourteen days to file its motion for reconsideration. *See, e.g.*, *State v. Wolfe*, 158 Idaho 55, 61, 343 P.3d 497, 503 (2015) (holding that the defendant's motion for reconsideration filed on December 27, 2004, was timely because the district court summarily dismissed the defendant's Rule 35 motion on December 14, 2004).

Moreover, while the State's motion to reconsider was not filed pursuant to I.C.R. 35, it was filed in response to an I.C.R. 35 sentence reduction. Idaho Criminal Rule 35 provides

further guidance on the timing restrictions for motions--a motion for a sentence reduction must be filed within fourteen days after the filing of the order revoking probation. This additional timing restriction reinforces the fourteen-day limitation that this Court imposes on the State here. The sentence modification judge entered an order to revoke probation and reduce Walker's sentence on May 28, 2014; but the State waited until June 23, 2014, to file its motion for reconsideration--twenty-six days after the order was entered. Because the motion was untimely, the motion was not properly before the sentencing judge and the sentencing judge was without authority to consider granting relief. Therefore, the sentencing judge erred in reinstating the initial sentence.

## B.    Sentence Reduction

Walker further contends that even if the State's motion to reconsider was properly before the court, the sentencing judge erred in determining that the modification judge lacked the authority to sua sponte reduce Walker's sentence upon revoking probation.

Idaho appellate courts have long held that once a valid sentence has been executed, the trial court lacks jurisdiction to thereafter amend or modify the sentence unless a rule or statute authorizes such action. *State v. McGonigal*, 122 Idaho 939, 940, 842 P.2d 275, 276 (1992); *State v. Johnson*, 101 Idaho 581, 585, 618 P.2d 759, 763 (1980); *State v. Steelsmith*, 153 Idaho 577, 580, 288 P.3d 132, 136 (Ct. App. 2012); *State v. Williams*, 126 Idaho 39, 43, 878 P.2d 213, 217 (Ct. App. 1994). One such rule is Idaho Criminal Rule 35(b), which authorizes a court to sua sponte "reduce a sentence upon revocation of probation or upon motion made within fourteen (14) days after the filing of the order revoking probation." Unless a nonbinding plea agreement contains express or implied language that indicates the parties intended the plea agreement to be given effect in the context of a Rule 35 motion, a court is not bound by the plea agreement terms after the initial sentencing. *State v. Longest*, 149 Idaho 782, 785-86, 241 P.3d 955, 958-59 (2010). Additionally, in *State v. Flowers*, 150 Idaho 568, 574, 249 P.3d 367, 373 (2011), the Court held that a nonbinding plea agreement did not prohibit a prosecutor from informing the district court that the prosecutor did not "think granting the Rule 35 is appropriate," because the plea agreement did not contain language "indicating that the parties intended the agreement to remain in effect after the initial sentencing."

Conversely, when parties enter into a binding plea agreement, the terms of the plea agreement constrain the parties at every stage of the proceedings when the language so indicates.

*State v. Lampien*, 148 Idaho 367, 378, 223 P.3d 750, 761 (2009). In *Lampien*, while the defendant's plea agreement was not binding on the court, the plea agreement read, "The State and Defendant agree to be bound by the following sentence agreement." *Id.* at 377, 223 P.3d at 760. The defendant in *Lampien* argued that the State breached the plea agreement when it opposed the defendant's Rule 35 motion. While acknowledging the unusual language of the plea agreement, the Court ultimately held that "the State was not simply bound to the agreed-upon recommendation at [the defendant's] sentencing" because "the broad language [of the plea agreement] represents an unqualified commitment by the State to adhere to the sentencing recommendation at every stage of the proceedings." *Id.* at 377, 223 P.3d at 761. Because the Rule 35 hearing was part of the proceedings, the State violated the plea agreement by objecting to the Rule 35 motion. *Id.*

Here, the binding plea agreement does not contain any language that indicates the parties intended the plea agreement to be given effect after the initial sentencing. The plea agreement instead contains specific language that indicates the court is only bound to impose a specific sentence recommended by the parties: "I understand that my plea agreement is a binding plea agreement. This means that if the district court does not impose the specific sentence as recommended by both parties, I will be allowed to withdraw my guilty plea and proceed to a jury trial." This language is more specific than the plea agreement language in *Lampien*, which bound the parties at all stages of the criminal proceedings. The language in Walker's plea agreement refers only to the specific sentence that the parties recommended to the district court during the initial sentencing, and the specified sentence was in fact imposed. Moreover, like the plea agreements in both *Longest* and *Flowers*, Walker's plea agreement did not contain express or implied language that indicated the parties intended the plea agreement to be given effect in the context of a Rule 35 motion. Accordingly, the plea agreement here did not limit the court's ability to reduce Walker's sentence pursuant to Rule 35. The sentencing judge erred in determining the modification judge lacked authority to sua sponte reduce Walker's sentence.

### III.

### CONCLUSION

Because the State filed an untimely motion to reconsider reduction of sentence, the motion was not properly before the court. Therefore, the sentencing judge erred in reversing the sentence reduction and reinstating the initial sentence. Furthermore, the sentencing judge erred

in determining the modification judge lacked authority to sua sponte reduce Walker's sentence because the plea agreement had no effect beyond the initial sentencing proceedings.  The order granting the State's motion to reconsider reduction of sentence is reversed.

Judge GRATTON and Judge HUSKEY **CONCUR**.