**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49311**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 19, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BART JAMES SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Order for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Bart James Smith appeals from an order requiring him to pay restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2018, Smith struck an officer after the officer asked Smith to leave the premises of a university building. During the altercation, Smith grabbed the officer's shirt and fell backwards over a two-foot-tall cement structure. The officer attempted to stop Smith's fall, did not succeed, and fell down with Smith. Ultimately, Smith was arrested and pled guilty to battery on a police officer.

Starting in late 2018, the officer received treatment for headaches and pain in her neck and left shoulder, including massages, chiropractic care, medical treatment, and physical therapy.

1

Following Smith's sentencing, the State filed a motion for restitution, which was twice amended. The final version requested restitution for costs incurred by the officer and by Intermountain Claims (a worker's compensation insurance carrier for the officer's employer) for services provided to the officer from November 4, 2018, to January 31, 2020.[1] The district court granted the motion. Smith objected and moved for reconsideration on the basis that the district court did not hold a hearing prior to deciding the State's motion. The district court granted the motion to reconsider and held a hearing. At the hearing, the State submitted documents regarding the various services obtained by the officer. Among these documents was a report by an independent medical examiner concluding that the officer's "current complaints [were] not related to" the altercation with Smith. This independent examination occurred on January 15, 2020.

Following the hearing, the district court held that the requested restitution was "causally related to [Smith's] actions." When considering Smith's foreseeable ability to pay restitution, the district court found that he "appear[ed] to be employable in some capacity." The district court ordered Smith to pay $2,740.00 to the officer and $12,185.49 to Intermountain Claims in restitution. Smith appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before

---

[1] The restitution coordinator later testified that she was asked to not include costs incurred after January 9, 2020. The record provides no explanation for why the amount of restitution requested included costs incurred by the officer after that date.

it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Smith asserts the district court erred in ordering restitution because the "evidence clearly indicates that [the officer's] medical issues were not attributable to" the altercation that was the basis of Smith's criminal conduct. Smith also asserts "there was not substantial evidence in the record to support the [district court's] conclusion that [Smith] was employable." The State responds that substantial evidence supports the district court's finding that Smith's criminal conduct caused the expenses associated with the various treatment services the officer received. The State also responds that the record supports the district court's finding regarding Smith's ability to pay restitution. We hold that Smith has failed to show error in the district court's restitution order.

### A. Causation

Smith asserts the district court failed "to act consistently with the applicable legal standards" and did not "reach its decision by an exercise of reason" because, according to him, the district court "failed to consider or overlooked the evidence that [the officer's] complaints were *not* caused by" the altercation--specifically, the report from the independent medical examiner. [2] The State responds that other evidence supports the district court's finding of causation and that Smith's argument on appeal is "based entirely upon pointing out there is conflicting evidence in the record."

A trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal

---

[2]     Smith's causation argument centers on whether the altercation caused the officer's symptoms requiring treatment. Smith has not asserted that the various services obtained--such as the massages--were not medically reasonable to treat those symptoms. *Cf. State v. Card*, 146 Idaho 111, 116, 190 P.3d 930, 935 (Ct. App. 2008) (holding that the State failed to show that herbal colon cleansings or footbaths were reasonable and necessary for victim's symptoms).

conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). On appeal, Smith does not appear to challenge proximate cause and, thus, we will not address that aspect of causation. Actual cause refers to whether a particular event produced a particular consequence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. A "but for" test of actual cause is used in circumstances where there is only one cause or where two or more possible causes were not acting concurrently. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. The determination of causation is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401. A trial court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Id.* at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

The district court found that the requested restitution was "causally related to [Smith's] actions" but did not address the independent medical examiner's report. Smith asserts that this report "dispel[s] any possibility of a causal connection between [Smith's] conduct and [the officer's] medical issues." Portions of the report, based on an examination conducted on January 15, 2020, read as follows:

> [The officer] describes headaches on the left orbital and temporal areas. She also complains of stabbing aching pain which radiates from the base of the trapezius up towards her ear. . . .
>
> . . . .
>
> On a more-probable-than-not basis, [the officer's] current complaints are not related to the industrial incident of October 21, 2018. [The officer] describes that the headaches did not become significant until months after the incident in question. In addition, "cervicogenic" headaches are most often occipital in nature and not frontal/temporal. Frontal/temporal headaches are either of iatrogenic origin (i.e., no known origin) or stress related. There is no evidence of any objective condition on the imaging that would explain [the officer's] current symptoms. There is no evidence of any objective change or harm to the structure of the body. Although there was an incident on the date of injury, there was no change to the body for which an injury would be ascribed.
>
> . . . .

Regardless of etiology, no further treatment is necessary. There are no objective or physiologic conditions being treated. [The officer] has subjective complaints in her trapezius. They are not related to the incident in question. There is no indication that they would be structurally improved with massage and/or ongoing medications.

As the State notes, the record also contains assessments by a treating physician indicating that the altercation with Smith caused the officer to experience several symptoms. One medical record from the officer's visit to this physician on September 4, 2019, contains two assessments: (1) "Occipital neuralgia of left side-M54.81 (Primary), Occipital neuralgia secondary to cervical strain secondary to confrontation October 2018 is [sic] an active duty police officer" and (2) "strain of neck muscle, sequela-S16.1XXS, October 2018 cervical neck strain secondary to confrontation as a police officer causing occipital nerve headaches." A medical record from a visit on October 16, 2019, contains identical assessments. These assessments provide substantial evidence that the altercation caused the officer's neck strain and occipital neuralgia. To the extent the independent medical examiner provided a conflicting opinion, it is the province of the district court to resolve such conflicts. We will not disturb such a determination on appeal when the district court's finding is supported by substantial evidence. *See State v. Garcia*, 170 Idaho 708, 712, 516 P.3d 578, 582 (2022). Consequently, Smith has failed to show the district court erred in finding that the altercation caused the officer's neck strain and occipital neuralgia.

This leaves the officer's orbital and temporal headaches, which the independent medical examiner concluded were not caused by the altercation. The record does not appear to contain a conflicting opinion from a medical professional regarding these types of headaches.[3] We recognize that the record indicates that the officer believed that pain in her "temporal lobes" and left orbit was caused by the altercation and that, at times, a layperson may opine on medical causation. *See State v. Card*, 146 Idaho 111, 115-16, 190 P.3d 930, 934-35 (Ct. App. 2008). It is generally for the district court to determine whether a lay opinion is competent to show causation,

---

[3] On July 11, 2019, one treating physician noted that the officer's "left-sided neck pain" developed into "a couple of severe migraine headaches." The record does not appear to indicate that these migraine headaches continued past July 2019. Consequently, even if this treating physician's note constitutes a diagnosis regarding these past migraine headaches, it does not provide a medical opinion that the altercation caused the orbital and temporal headaches reported by the officer to the independent medical examiner in January 2020.

*see id.*, but, in this case, the district court did not determine whether the officer was competent to offer an opinion on medical causation. We need not address the officer's competency to opine on causation further, however, because Smith fails to argue on appeal that some of the treatment received by the officer was for orbital and temporal headaches. A party forfeits an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). In addition, Smith fails to identify (via a citation to the record) any amount of restitution awarded by the district court that was for treatment of the officer's orbital and temporal headaches. This Court will not search the record for error when an appellant fails to provide citations to the record. *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018). By failing to provide argument and citations to the record, Smith has forfeited consideration of whether any of the restitution awarded by the district court was attributable to the officer's orbital and temporal headaches. Consequently, Smith has failed to show that the district court erred in finding that the altercation caused the symptoms for which the officer received treatment.

**B.      Foreseeable Ability to Pay**

Smith asserts that "substantial evidence in the record demonstrated that [he] was *not* employable" and that "the district court clearly erred in finding otherwise."[4] The State responds that the district court did not err in its finding.

Idaho Code Section 19-5304(2) provides that the trial court "shall order a defendant found guilty of any crime which results in economic loss to the victim to make restitution to the victim" unless the trial court determines a restitution order would be "inappropriate or undesirable." *Id.* The policy favoring full compensation to crime victims who suffer economic loss and the factors in I.C. § 19-5304(7) guide a trial court's decision to order restitution. *Richmond*, 137 Idaho at 37, 43 P.3d at 796; *Bybee*, 115 Idaho at 543, 768 P.2d at 806. These factors include the amount of the victim's economic loss; the defendant's financial resources, needs, and earning ability; and such other factors as the trial court deems appropriate. I.C. § 19-5304(7).

---

[4]      Smith also asserts the district court found that he "could pay $14,925.49 in restitution" and that this finding was erroneous. The district court, however, did not find that he could pay the full amount--instead, the district court found that he "should be able to make small monthly restitution payments." As discussed below, Smith has failed to show error in this finding.

A defendant's "immediate inability" to pay restitution shall not be, in and of itself, a reason not to order restitution. *Bybee*, 115 Idaho at 543, 768 P.2d at 806. The Idaho Supreme Court has stated that "the 'immediate inability' of a defendant to pay is a separate concept from the 'foreseeable ability' of the defendant to repay the award." *State v. Garcia*, 166 Idaho 661, 682, 462 P.3d 1125, 1146 (2020). A trial court may order restitution based on a foreseeable ability to repay the award. *State v. Wisdom*, 161 Idaho 916, 924, 393 P.3d 576, 584 (2017). A trial court, however, is not required to divine a defendant's future financial capabilities. *Garcia*, 166 Idaho at 682-83, 462 P.3d at 1146-47. A trial court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192.

The district court expressly stated that it "considered [Smith's] economic circumstances, including his foreseeable ability to repay restitution." As part of its determination that restitution was proper, the district court found that Smith "appear[ed] employable in some capacity." Smith asserts this finding lacks substantial evidence because other evidence in the record indicates that he is not employable. For instance, Smith had been homeless intermittently for twenty-five years, has not been employed since at least 1996,[5] has received social security disability benefits since 1996, is an alcoholic, has been diagnosed with major depressive disorder and schizoaffective disorder, and has been hospitalized three times for psychiatric reasons. The district court, however, found that Smith completed high school, "successfully completed [veteran's court] and learned many skills to help him going forward," and had stable housing. In the process of completing veteran's court, Smith signed three contracts that he would maintain full-time employment or schooling, implicitly representing that he was capable of obtaining employment or the schooling necessary for employment. The district court also had the benefit of observing Smith in person at the restitution hearing. Although there is conflicting evidence, substantial evidence supports the finding that Smith "appear[ed] employable in some capacity" and, consequently, Smith has failed to show the district court erred in this regard.

---

[5] Smith's presentence investigation materials list 1986, 1987, and 1996 as the latest years he was employed.

We also reject Smith's assertion that the "record is devoid of information" that he "would be able to pay restitution to the [worker's compensation] insurance carrier." In addition to noting that Smith completed high school and gained skills from completing veteran's court, the district court found that he receives "financial assistance through governmental programs" constituting "a small amount each month." These findings, along with the finding that Smith appeared employable, provide substantial evidence for the district court's finding that he "should be able to make small monthly restitution payments." Smith has failed to show error in this finding.

## IV.

## CONCLUSION

Substantial evidence supports the district court's finding that Smith's criminal conduct caused the officer's occipital neuralgia and neck strain. Regardless of whether the record contains competent evidence that the officer's orbital and temporal headaches were caused by Smith's criminal conduct, he forfeited consideration of whether any of the restitution awarded included amounts for treatment for these types of headaches. Substantial evidence also supports the district court's findings regarding Smith's foreseeable ability to pay. Accordingly, the district court's order for restitution is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.