**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43109**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 43** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 24, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTINA ROSE WISDOM,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order for restitution, <u>reversed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Christina Rose Wisdom appeals from the district court's order for restitution following her plea of guilty to felony injury to a child. Wisdom argues that the district court abused its discretion in ordering her to pay restitution for counseling services provided to the victim. For the reasons set forth below, we reverse.

Wisdom pled guilty to one count of injury to a child, I.C. § 18-1501, in connection with allegations that her husband had sexually abused her minor daughter. Wisdom allowed her husband access to the victim after the victim had notified Wisdom that the husband had sexually abused her. At the sentencing hearing, the state requested that the district court order restitution in the amount of $11,069.82 for counseling services provided to the victim. The state also indicated that the supporting documentation substantiating the costs had been provided to

1

Wisdom. Wisdom objected to the award of restitution. The district court sentenced Wisdom to a unified term of ten years, with a minimum period of confinement of three years, and retained jurisdiction for one year. The district court deferred ruling on the issue of restitution until Wisdom had completed the rider.

Following the period of retained jurisdiction, the district court suspended Wisdom's sentence and placed her on probation for ten years. Regarding restitution, the district court concluded that Wisdom would be required to pay restitution in monthly installments in an amount to be determined at a later hearing. In objecting to restitution, Wisdom stated that the state need not prove the restitution expenses as Wisdom did not contest the incurrence of counseling expenses or the amounts. Instead, she argued that the state could not demonstrate causation between her conduct and the need for counseling services provided the victim. She also asserted that she did not have the financial ability to pay the restitution.

At the restitution review hearing, the district court ruled that the causation requirement for imposing restitution was met. Specifically, regarding causation the district court found:

> In this situation again, it is clear to the Court, based upon the guilty plea that entered in this case and the review of the presentence materials submitted, that under either standard, the but-for test or the substantial factor test, had it not been for [Wisdom's] failure to protect her child, whether it be by removing the child from the home, [or] by reporting the conduct in question that resulted in the injuries that the child sustained, that under those circumstances the injury likely would not have occurred and therefore it was either a substantial factor or but for that conduct the injury would not have occurred.
>
> It is not the only cause. Clearly [the husband], by his conduct has significantly contributed [to] the injuries sustained by [the victim] that required the mental health treatment and the medication treatment as well.
>
> But in this situation the Court is satisfied based upon either standard, whether it be the but-for test or the substantial factor test, that, in fact, [Wisdom's] conduct as alleged in the amended complaint in this case and as admitted to by her under oath when she pled guilty, was, in fact, a proximate cause of the injury sustained by the child that did require the medical treatment.

Additionally, the district court noted, although Wisdom's ability to pay the restitution was in doubt, that in and of itself did not preclude the district court from ordering restitution. Rather, the district court found that, despite Wisdom's present inability to make payments, it did not appear that Wisdom would be unable to do so through the entire period of probation. Consequently, the district court determined that restitution was appropriate under I.C. § 19-5304,

2

awarded restitution in the amount of $11,069.82, and ordered that it be joint and several with the husband.[1] Wisdom appeals.

On appeal, Wisdom argues the district court erred in ordering restitution in the absence of substantial evidence that the victim's need for counseling services was actually or proximately caused by Wisdom's failure to report or stop the husband's sexual abuse of the victim. She reasons that the actual cause of the victim's need for counseling was the husband's sexual abuse and that, but for his illegal actions, the victim would not have required counseling. She asserts the state only offered speculative argument to demonstrate that Wisdom's failure to report her husband's sexual abuse of the victim caused the victim's need for counseling. Citing this Court's decision in *State v. McNeil*, 158 Idaho 280, 346 P.3d 297 (Ct. App. 2014), Wisdom argues that such argument does not constitute evidence and, thus, the state failed to meet its burden of showing causation under the requirements of I.C. § 19-5304.

Conversely, the state argues the husband's sexual abuse of the victim and the necessity of the victim's counseling was actually and proximately caused by Wisdom's failure to report or stop the husband's abuse. The state asserts the husband's abuse of the victim continued after Wisdom learned of it and failed to report it. Thus, the state contends that, if not for Wisdom's crime, the daughter would not have endured continued sexual abuse from the husband necessitating counseling. The state reasons that, in pleading guilty, Wisdom admitted to actually causing or permitting her daughter to suffer physical pain or mental suffering. Finally, the state argues it was foreseeable that failing to report the sexual abuse of a person residing within the home of the victim would result in continued abuse, which would necessitate counseling.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we

---

[1] Wisdom's husband was found guilty of multiple counts of lewd conduct with a minor under sixteen. As part of the husband's sentence, the district court ordered restitution in the amount of $11,069.82, jointly and severally with Wisdom.

will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

To meet the second and third requirements of this analysis, the trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the state must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). Causation consists of actual cause and true proximate cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009). Actual cause refers to whether a particular event produced a particular consequence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757. A "but for" test of actual cause is used in circumstances where there is only one cause or where two or more possible causes were not acting concurrently. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757.

Proximate cause focuses on the foreseeability of the injury, requiring us to determine whether the injury and manner of occurrence were so highly unusual that we can say, as a matter of law, that a reasonable person, making an inventory of the possibilities of harm that his or her conduct might produce, would not have reasonably expected the injury to occur. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *State v. Houser*, 155 Idaho 521, 525, 314 P.3d 203, 207 (Ct. App. 2013). The causal chain linking a defendant's criminal conduct to the economic loss suffered by a victim may be severed by an independent act or force constituting an intervening, superseding cause. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374, 223 P.3d at 757; *Houser*, 155 Idaho at 525, 314 P.3d at 207. In

4

general, an intervening, superseding cause replaces the defendant's act as the proximate cause of the victim's injury. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lampien*, 148 Idaho at 374-75, 223 P.3d at 757-58; *Houser*, 155 Idaho at 525, 314 P.3d at 207. However, to relieve a defendant of criminal liability, an intervening, superseding cause must be an unforeseeable and extraordinary occurrence. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207. The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his or her act. *Corbus*, 150 Idaho at 602-03, 249 P.3d at 401-02; *Lampien*, 148 Idaho at 375, 223 P.3d at 758; *Houser*, 155 Idaho at 525, 314 P.3d at 207.

The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

We have previously addressed a similar issue in *McNeil*, 158 Idaho 280, 346 P.3d 297. In *McNeil*, the defendant was convicted of voluntary manslaughter and, as part of his sentence, was ordered to pay restitution for the victim's father's counseling in addition to other expenses. McNeil objected, arguing that the father had already been in counseling prior to his criminal conduct that resulted in the victim's death and, thus, the counseling was not attributable to McNeil's crimes. *Id*. at 283, 346 P.3d at 300. The state argued that although the father's counseling was initiated prior to McNeil's crime, it was hard to believe that after the murder of his daughter the issue did not come up during subsequent counseling sessions. *Id*. at 284, 346 P.3d at 301. Noting that although the victim impact statements indicated that the family was traumatized from McNeil's crime and that post-death counseling was needed, this Court, nonetheless, determined that the state had failed to present evidence of such fact. *Id*. There, we held that because the state failed to prove causation, it was error for the district court to grant restitution for the cost of counseling provided the victim's father. *Id.*

5

In this case, the economic loss at issue is counseling services provided to a victim of sexual abuse. The record shows that the victim had been sexually abused prior to Wisdom becoming aware of it. Thus, in order to sufficiently show causation below, the state had the burden to show that Wisdom's conduct (the failure to report or stop the husband's abuse of the victim) caused the need for counseling. However, it is undisputed that the state did not offer any evidence relating to the issue of restitution.[2] Critical in this instance, the state failed to produce evidence showing that the victim's need for counseling was due to Wisdom's failure to report or protect the victim from sexual abuse. Furthermore, the state did not produce evidence showing that the counseling related to Wisdom's failure to report the husband or that the counseling addressed any sense of betrayal held by the victim relating to Wisdom's failure to report. Instead, the state offered only argument, claiming that Wisdom was part of the reason the victim needed counseling because the husband's abuse of the victim continued after Wisdom learned of it and failed to report it. However, similar to the state's argument in *McNeil*, the state's argument here is only speculative in nature and does not constitute evidence proving causation. *Id.* at 284, 346 P.3d at 301.

Despite the lack of evidence, the district court held that Wisdom was the cause of the injury necessitating counseling based on Wisdom's guilty plea and the presentence investigation report (PSI). Here, these documents are insufficient to show causation. Indeed, Wisdom's guilty plea supports the contention that the victim was injured by Wisdom's failure to protect the victim. Likewise, the PSI demonstrates how the husband's sexual abuse traumatized the victim. Upon review, we note that neither document addresses, much less shows, that the victim's need for counseling correlated with Wisdom's criminal conduct. Certainly, it is plausible that Wisdom's conduct in failing to protect her daughter was addressed in some way during counseling or prompted the need for focused counseling. However, the state failed to present evidence demonstrating that such a correlation existed and, thus, failed to prove causation.

---

[2] At the sentencing hearing in support of its restitution request, the state referenced documentation that had been provided to Wisdom supporting the state's request for restitution for expenses related to the victim's counseling. We note that such documentation was not included in the record on appeal, nor does it appear that the district court relied on this documentation in its ruling.

We are constrained to hold that the state did not meet its burden to prove that the counseling expenses were caused by Wisdom's crime. Consequently, the district court's finding that Wisdom's crime actually caused the need for counseling was not supported by substantial evidence. Therefore, the district court erred by awarding restitution for the counseling costs. Accordingly, we reverse the order awarding restitution.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.