**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50825**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  August 14, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SARAH ELLEN STANLEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County.  Hon. Steven W. Boyce, District Judge.

Order of the district court denying motion for relief from restitution, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Sarah Ellen Stanley appeals from the district court's denial of her Idaho Rule of Civil Procedure 60(b)(6) motion for relief from restitution.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Stanley fled to Alabama with her minor child, violating a custody agreement between Stanley and the father of the child.  Stanley was arrested in Alabama for withholding the child from the father.  The father flew to Alabama, retrieved the child, and returned to Idaho with the child.  Following Stanley's arrest, she was extradited back to Idaho where she pled guilty in the district court to child custody interference, Idaho Code § 18-4506.  As part of the plea agreement, Stanley agreed to pay the costs incurred for her extradition and "any and all reasonable restitution amounts arising out of the facts and circumstances" of the underlying charge.  In exchange for her guilty plea, an additional charge of misdemeanor criminal contempt was dismissed.  All parties agreed to proceed to a sentencing hearing without conducting a presentence investigation.

1

At the sentencing hearing, the district court withheld judgment and placed Stanley on probation for a period of three years. The district court ordered restitution in the amount of $7,467.55 for the cost of Stanley's extradition. The State informed the district court that the child's father incurred expenses for flying to Alabama to retrieve the child. The State was given thirty days to file a motion to supplement restitution to reflect the costs incurred by the father. A payment plan was discussed off the record and the hearing concluded. Sixty-five days later, the State filed a supplemental motion for restitution in the amount of $3,004.30 and attached the father's bank statements to reflect the costs he incurred for retrieving the child. The district court issued a final restitution order in the amount of $7,467.55 for the cost of Stanley's extradition, $3,004.30 for the father's expenses, $245.00 in court costs, and $300.00 for public defender reimbursement, for a total restitution award in the amount of $11,016.85.

A month later, Stanley filed an I.R.C.P. 60(b)(6) motion for relief from the $3,004.30 restitution award for the father. She did not challenge the other restitution awards. Stanley argued that the State's motion to supplement restitution was time barred for being filed outside the thirty-day period stipulated by the district court and that the restitution order was "unreasonable" because she was "truly indigent." The district court held a hearing on Stanley's motion for relief. At the hearing, Stanley reiterated her arguments that the State's motion for restitution was time barred, the restitution amount was unreasonable because she was "truly indigent," and she lacked the ability to pay. The district court denied Stanley's motion for relief, stating "the order for restitution is totally appropriate under the circumstances" and "the order for restitution, for those expenses, is a necessary and reasonable order." Stanley appeals.

## II.

## STANDARD OF REVIEW

This court reviews a denial of a motion to grant relief under I.R.C.P. 60(b) for an abuse of discretion. *Ciccarello v. Davies*, 166 Idaho 153, 159, 456 P.3d 519, 525 (2019). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Stanley argues the district court abused its discretion when it denied her I.R.C.P. 60(b)(6) motion for relief from the restitution order for the expenses incurred by father because the district court failed to consider her ability to pay. Alternatively, Stanley argues if the district court properly weighed Stanley's ability to pay, the district court did not exercise reason because Stanley's financial resources, needs, and earning ability justified a reduction in the restitution ordered. The State asserts that Stanley's argument is unpreserved or waived because Stanley agreed to pay restitution as part of her Idaho Criminal Rule 11 plea agreement. The State further argues if Stanley's argument has not been waived, Stanley fails to demonstrate "compelling and unique circumstances" justifying relief under I.R.C.P. 60(b)(6). Alternatively, the State argues the district court properly considered Stanley's ability to pay as one of the factors in its discretionary restitution determination.

Idaho Code § 19-5304(2) provides "[u]nless the court determines that an order of restitution would be inappropriate or undesirable, it shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim." The sentencing court has discretion to determine whether restitution is appropriate and, if so, to set the amount. *State v. McNeil*, 158 Idaho 280, 283, 346 P.3d 297, 300 (Ct. App. 2014). In determining whether to order restitution and setting the amount, the sentencing court shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs, earning ability of the defendant, and such other factors as the court deems appropriate. I.C. § 19-5304(7). The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason not to order restitution. *Id.*

Idaho Code § 19-5304(10) allows a defendant against whom a restitution order has been entered, to request relief from the restitution in accordance with the I.R.C.P. within forty-two days of the order. Idaho Rule of Civil Procedure 60(b)(6) prescribes that the court may relieve a party from an order for "any other reason that justifies relief." Under I.R.C.P. 60(b)(6), a court may grant relief only "on a showing of unique and compelling circumstances justifying relief." *In Re SRBA Case No. 39576 Subcase No. 37-00864*, 164 Idaho 241, 252, 429 P.3d 129, 140 (2018); *see Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996) (A district court's discretion in

3

granting a Rule 60(b) motion is limited to "unique and compelling" circumstances.). Relief under I.R.C.P. 60(b)(6) is infrequently granted. *Ciccarello*, 166 Idaho at 163, 456 P.3d at 529.

On appeal, Stanley argues the district court did not act within the outer boundaries of its discretion or exercise reason in denying her I.R.C.P. 60(b)(6) motion for relief from restitution. She asserts the district court did not consider her ability to pay the ordered restitution as required under I.C. § 19-5304(7) by not accounting for her claims of indigency.

This Court analyzes the terms of a plea agreement as it would a contract; in so doing, it looks to the contractual terms of a plea agreement. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005). "Interpretation of an unambiguous document is a question of law, reviewed de novo." *State v. Claxton*, 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct. App. 1996). In general, "[a]n unambiguous contract will be given its plain meaning." *Credit Suisse AG v. Teufel Nursery, Inc.*, 156 Idaho 189, 196, 321 P.3d 739, 746 (2014) (quoting *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 190, 108 P.3d 332, 337 (2005)). This Court must consider contractual terms that are expressly provided in the plea agreement, as well as those contractual terms that are implied. *State v. Doe*, 138 Idaho 409, 410-11, 64 P.3d 335, 336-37 (Ct. App. 2003).

Under the plea agreement, Stanley agreed to pay "any and all reasonable restitution amounts arising out of the facts and circumstances [of the] underlying charge." Under I.C.R. 11(f)(1), a plea agreement "may include a waiver of the defendant's right to appeal the judgment and sentence of the court . . . ." The language of Stanley's plea agreement indicates that she waived her right to appeal the imposition of the district court's restitution order, although she may still challenge the reasonableness pertaining to the sufficiency of evidence relative to the determined restitution amount.[1] In *State v. Foeller*, 168 Idaho 884, 888, 489 P.3d 795, 799 (2021), Foeller signed a plea agreement in which she agreed to "[p]ay restitution/reimbursement: If applicable per statute: for all charges, even those dismissed." Foeller argued that the district court erred in awarding restitution by failing to consider her ability to pay. *Id*. at 886, 489 P.3d at 797. The State argued that Foeller waived any issue regarding restitution except whether the award

---

[1] The State was still bound to submit competent evidence to support any amount claimed in restitution per the plea agreement. *See State v. Cunningham*, 161 Idaho 698, 700, 390 P.3d 424, 426 (2017) (holding that a statement of costs form without itemized time entries explaining the tasks performed or expenditures made in a particular case was insufficient evidence to support a restitution award).

4

covers an "economic loss" under the statute. *Id.* at 887, 489 P.3d at 798. The Supreme Court held that the reference to "per statute" meant that the district court was bound to consider the I.C. § 19-5304 factors in assessing restitution. *Id.* at 888, 489 P.3d at 799. Here, Stanley's plea agreement does not reference the statute. Therefore, Stanley contractually waived any requirement on the part of the district court, which may have otherwise been required under I.C. § 19-5304, to consider her ability to pay. For this reason, Stanley cannot show error in the district court's order of $3,004.30 restitution to the father.

Even considering Stanley's challenge to the restitution order under her I.R.C.P. 60(b)(6) motion for relief, Stanley's claim fails. Stanley argues the district court abused its discretion by not considering her ability to pay as required by I.C. § 19-5304(7). Throughout the legal proceedings Stanley presented no actual evidence for the district court to consider when making its restitution determination, nor did she point to anything within the record supporting her inability to pay on appeal. Stanley did not offer any affidavits, testimony, or evidence supporting her inability to pay restitution. Rather, Stanley made claims of indigency but mere claims of indigency alone are insufficient to be considered evidence towards her inability to pay. Additionally, Stanley had ample opportunity to introduce relevant evidence of her inability to pay but failed to do so. Stanley agreed to proceed to sentencing without a presentence investigation, she failed to present any evidence at her sentencing hearing, and she did not request a separate restitution hearing to introduce evidence of her indigency. Stanley submitted no competent evidence of her claimed indigency incident to the I.R.C.P. 60(b)(6) motion. Stanley also failed to object to the State's motion to supplement restitution and/or the district court's restitution order, both of which were opportunities for Stanley to introduce evidence of her inability to pay. Because Stanley did not provide the district court with any actual evidence of her inability to pay restitution or point to such evidence within the record on appeal, she has failed to show that the district court abused its discretion by not considering her ability to pay.

Stanley fails to show the district court abused its discretion because the district court did not expressly consider her current or future ability to pay. When assessing a restitution order, the district court is not required to "divine a defendant's future financial capabilities" or "limit a victim's right to restitution to what is presently known about the defendant." *State v. Garcia*, 166 Idaho 661, 683, 462 P.3d 1125, 1147 (2020). Additionally, the district court is not required to "summarize all of the evidence in the record supporting an ability to pay in order to conclude a

5

defendant has the foreseeable ability to pay before it may order restitution." *Foeller*, 168 Idaho at 890, 489 P.3d at 801.

In this case, as stated above, Stanley did not offer the district court any relevant evidence to consider when conducting its analysis on the appropriateness of the restitution order. Because Stanley proffered no evidence of her inability to pay, the district court could only consider the limited information in the record: her agreement to pay restitution pursuant to her plea agreement, her sentence to three years' probation rather than incarceration, and her requirement to maintain full-time employment as a condition of probation. In examining this evidence at the hearing on the I.R.C.P. 60(b)(6) motion for relief, the district court stated it had "reviewed the file," deemed the restitution "totally appropriate under the circumstances," and declared its belief that the restitution for the father's expenses is "a necessary and reasonable order." Similar to *Foeller*, where the Idaho Supreme Court held that a single sentence analysis of Foeller's ability to pay restitution was appropriate, the brevity of the district court's restitution analysis here is appropriate given the circumstances. *Id*. at 888-890, 489 P.3d at 799-801. Had the district court been provided with evidence of Stanley's ability to pay restitution, perhaps a more vigorous restitution analysis may have been required; however, that is not the case here.

Stanley has failed to show the district court abused its discretion by not considering her ability to pay restitution as required under I.C. § 19-5304. Because she has failed to show that the district court abused its discretion, she has also failed to show any "unique and compelling circumstances justifying relief" from the restitution order under I.R.C.P. 60(b)(6).

## IV.

## CONCLUSION

Stanley has failed to show error in the district court's restitution order. Accordingly, the district court's restitution award of $3,004.30 to the father is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.

6